IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| BRANDON HIBBLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:21-cv-02723-SHM-tmp |
| ) | |
| ) | |
| SERGEANT M. WYNN, ET AL., ) | |
| ) | |
| Defendants. ) | |

**ORDER DIRECTING THE CLERK TO MODIFY THE DOCKET;
DISMISSING THE COMPLAINT (ECF NO. 1) WITH PREJUDICE IN PART AND
WITHOUT PREJUDICE IN PART; AND
GRANTING LEAVE TO AMEND THE CLAIMS DISMISSED WITHOUT PREJUDICE**

On November 16, 2021, Plaintiff Brandon Hibbler filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion for leave to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) When Hibbler filed the complaint, he was confined at the Shelby County Criminal Justice Center (the "SCCJC"), in Memphis, Tennessee. (ECF No. 1 at PageID 2.) On November 18, 2021, the Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, *et seq*. (the "PLRA"). (ECF No. 4.) On January 21, 2022, Hibbler notified the Clerk of Court that Hibbler had been transferred from the SCCJC to the Bledsoe County Correctional Complex (the "BCCX"), in Pikeville, Tennessee. (ECF No. 6.)

The complaint (ECF No. 1) is before the Court for screening pursuant to the PLRA.

In the complaint, Hibbler alleges that, on July 25, 2021, his cellmate at the SCCJC, Patrick Pride, "pull[ed] on my pants trying to get them down […] to rape me." (ECF No. 1 at PageID 3.) Hibbler and two unnamed inmates (the "Inmates") yelled for assistance, but "no one came right away to help." (*Id*.) The Inmates saw Officer Mabry "[s]ome time later" and told him what had

occurred inside Hibbler's cell. (*Id*.) Officer Mabry "laughed and kept walking." (*Id*.) Hibbler alleges that, "[d]uring this time, I had finally got[ten] inmate Pride off me and was scared for my life." (*Id*.)

Hibbler alleges that the Inmates next saw Sergeant Wynn and told him "what was going on." (*Id*.) When Sergeant Wynn came to Hibbler's cell door, Hibbler "informed him of what was going on." (*Id*.) Sergeant Wynn "told [Hibbler] to hold on and walked off[,] leaving me in the cell with Mr. Pride[,] and inmate Pride attacked me again." (*Id*.) The Inmates yelled for assistance. Sergeant Wynn, Officer Turner, Officer Fitch, and Officer Mabry returned to Hibbler's cell and "sprayed" Hibbler. (*Id*.) Hibbler was transported to Regional One Hospital "for the laceration[1] above my left eye." (*Id*. at PageID 4.)

When Hibbler returned to the SCCJC, he filed "a P.R.E.A.[2] [complaint] along with grievances about the officers['] failure to prevent these incidents." (*Id*.) On September 2, 2021, after Hibbler had been "sent to the hole for another[,] unrelated occurrence", he was returned to "the same pod as Pride, who attempted to rape me." (*Id*.) Hibbler explained to SCCJC officers that he and Pride "are not suppose[d] to be around each other," but SCCJC staff "failed to correct this problem." (*Id*.) Hibbler alleges that he suffered "severe[] injur[y] and irreparable mental harm" from the events alleged in the complaint. (*Id*.)

---

[1] Hibbler does not allege in the complaint how the "laceration" occurred. (*See id*.)

[2] Hibbler's use of the term "P.R.E.A." is construed to refer to the Prison Rape Elimination Act ("PREA"), 34 U.S.C. § 30302. Congress enacted the PREA to "establish a zero-tolerance standard for the incidence of prison rape" and "develop and implement national standards for the detection, prevention, reduction, and punishment of prison rape." *Bell-Kimmons v. Shelby Cnty., Tennessee*, No. 2:20-cv-2184, 2020 WL 1293284, at *1 n.1 (W.D. Tenn. Dec. 2, 2020).

Hibbler sues: (1) Sergeant M. Wynn; (2) Officer T. Turner; (3) Officer T. Mabry; (4) Officer D. Fitch; and (5) the Shelby County Sheriff's Office ("SCSO"). (*Id.* at PageID 1-2 (Defendants (1) – (4) are referred to collectively as the "Individual Defendants").)

Hibbler seeks: (1) five million four hundred thousand dollars ($5,400,000.00) in damages; and (2) "sanctions on officers for failing to prevent the occurrences due to negligence." (*Id.* at PageID 5.)

The complaint is construed to allege § 1983 claims for (1) negligence; (2) PREA violation; (3) injunctive relief in the form of sanctions; and (4) failure to protect. (*Id.* at PageID 3-5.)

The Clerk is DIRECTED to MODIFY the docket to add Shelby County, Tennessee (the "County") as a Defendant.

For the reasons explained below: (1) the complaint (ECF No. 1) is DISMISSED WITH PREJUDICE in part and WITHOUT PREJUDICE in part; and (2) leave to amend the claims dismissed without prejudice is GRANTED.

I.  **LEGAL STANDARD**

The Court must screen prisoner complaints and dismiss any complaint, or any portion of it, if the complaint —

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Under those standards, the Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the

allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). The Court does not assume that conclusory allegations are true, because they are not "factual," and all legal conclusions in a complaint "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Federal Rule of Civil Procedure 8 provides guidance on this issue. Rule 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. Rule 8 also requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

Courts screening cases accord more deference to *pro se* complaints than to those drafted by lawyers. "*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

## II.   REQUIREMENTS TO STATE A CLAIM UNDER § 1983

Hibbler sues under 42 U.S.C. § 1983. (ECF No. 1 at PageID 1.) To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States, and (2) that a defendant caused harm while acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

### III. ANALYSIS

#### A. Claim Of Negligence

Hibbler alleges that the Individual Defendants were "negligent" in "failing to prevent the occurrences" described in the complaint. (ECF No. 1 at PageID 5.)

Negligence does not amount to a constitutional violation. *See Farmer v. Brennan*, 511 U.S. 825, 835-36 (1994); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Negligent conduct is not actionable under § 1983 because it does not rise to the level of a constitutional deprivation. *See Lewellen v. Metropolitan Gov't of Nashville & Davidson Co., Tenn.*, 34 F.3d 345 (6th Cir. 1994) ("[I]t is now firmly settled that injury caused by negligence does not constitute a 'deprivation' of any constitutionally protected interest"). For these reasons, Hibbler's claim of negligence in the complaint is not cognizable under § 1983.

Hibbler's claim of negligence is DISMISSED WITH PREJUDICE for failure to state a claim to relief under § 1983 as a matter of law.

#### B. Claim Of PREA Violation

To the extent Hibbler alleges a claim under § 1983 for violation of the PREA, he fails to state a claim to relief as a matter of law. (ECF No. 1 at PageID 2, 4.)

Violations of the PREA cannot be redressed through a private suit under § 1983. *See Gennoe v. Washburn*, No. 3:19-cv-0478, 2019 WL 5693929, at *5 (M.D. Tenn. Nov. 4, 2019) ("[W]here the text and structure of a statute provide no indication that Congress intends to create new individual rights, there is no basis for a private suit, whether under § 1983 or under an implied right of action") (quoting *Gonzaga Univ. v. Doe*, 536 U.S. 273, 286 (2002)) (other internal citation omitted). "The PREA is intended to address the problem of rape in prison, authorizes grant money, and creates a commission to study the issue .... The statute does not grant prisoners any specific rights." *Gennoe*, 2019 WL 5693929, at *5 (internal citations omitted). "There is nothing in the

5

PREA that suggests that Congress intended it to create a private right of action for inmates to sue prison officials for non-compliance to the Act." *Id*. (internal citations omitted). The "PREA creates no private right of action." *Id*. (internal citations omitted).

For these reasons, Hibbler's claim under § 1983 for violation of the PREA is DISMISED WITH PREJUDICE for failure to state a claim to relief as a matter of law.

### C. Claim Against the SCSO

Hibbler sues the SCSO as a Defendant. (ECF No. 1 at PageID 2.) Hibbler's claim is not well taken.

It is well-established in the Sixth Circuit that a police department is not a proper defendant in a § 1983 action. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) ("[T]he Police Department is not an entity which may be sued"). "[S]ince *Matthews*, federal district courts in Tennessee have frequently and uniformly held that police departments and sheriff's departments are not proper parties to a § 1983 suit." *Mathes v. Metro Gov't of Nashville & Davidson Cnty.*, No. 3:10-CV-0496, 2010 WL 3341889, at *2 (M.D. Tenn., Aug. 25, 2010); *see Grace v. City of Ripley, Tennessee*, No. 2:16-cv-02395-JPM-dkv, 2017 WL 835206, at *5 (W.D. Tenn. Mar. 2, 2017) (same).

Sheriff's departments are properly characterized as "sub-units of the municipalities they serve." *Sargent v. City of Toledo Police Dep't*, 150 F. App'x 470, 475 (6th Cir. 2005); *accord Kindle v. City of Jeffersontown, Ky.*, 374 F. App'x 562, 570 (6th Cir. 2010); *Duck v. Madison Cnty. Sheriff's Dep't*, No. 1:17-CV-01043-JDB-egb, 2018 WL 2966950, at *3 (W.D. Tenn. June 13, 2018) (citing cases). Hibbler's claims against the SCSO, therefore, are construed as claims against the County. He fails to state a claim for relief against the County, as explained below.

D. **Claim For Injunctive Relief In The Form Of Sanctions**

Hibbler seeks "sanctions on [the] officers for failing to prevent the occurrences" alleged in the complaint. (ECF No. 1 at PageID 5.) The relief Hibbler seeks is unavailable.

First, a § 1983 lawsuit "is not a vehicle for a federal court [to] fire jail employees or dismiss a state criminal case." *Talley v. Dickson Cnty. Jail*, No. 3:23-cv-0808, 2023 WL 7196402, at *1 (M.D. Tenn. Nov. 1, 2023) (internal citation omitted). "[F]ederal courts lack authority to impose sanctions on a [correctional] employee or specify the conditions under which the employee should be employed." *Id*. (internal citation and quotation marks omitted).

Second, because Hibbler has been transferred from the SCCJC to the BCCX, his claim for injunctive relief is moot. *See Henderson v. Martin*, 73 F. App'x 115, 117 (6th Cir. 2003) (a prisoner's claims for declaratory and injunctive relief are moot when the prisoner is transferred from the prison about which he complains); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (same); *Mason v. Davis*, No. 2:19-cv-4502, 2020 WL 1695185, at *3-4 (S.D. Ohio Apr. 7, 2020) ("[A]n inmate's transfer or release ends the alleged violations of his or her constitutional rights, which 'render[s] the court unable to grant the requested relief'") (quoting *Berger v. Cuyahoga Cnty. Bar Ass'n*, 983 F.2d 718, 724 (6th Cir. 1993)).

Hibbler's claim for sanctions against the Individual Defendants is DISMISSED WITH PREJUDICE for failure to state a claim to relief as a matter of law.

E. **Claim Of Failure To Protect Against The Individual Defendants In Their Official Capacities; Claim Of Failure To Protect Against The County**

Hibbler does not allege whether he sues the Individual Defendants in their official or individual capacities. (*See* ECF No. 1 at PageID 1-4.) The Sixth Circuit requires plaintiffs to "set forth clearly in their pleading that they are suing the state defendants in their individual capacity for damages, not simply in their capacity as state officials." *Wells*, 891 F.2d at 592. "Absent a specification of capacity, it is presumed that a state official is sued in his official capacity."

7

Case 2:21-cv-02723-SHM-tmp    Document 7    Filed 01/17/25    Page 8 of 11    PageID 27

*Northcott v. Plunkett*, 42 F. App'x 795, 796 (6th Cir. 2002) (citing *Wells*, 891 F.2d at 593). Hibbler's claims against the Individual Defendants are official capacity claims. The official capacity claims in Hibbler's complaint are treated as claims against the Individual Defendants' employer -- the County. *See Jones v. Union Cnty., Tennessee*, 296 F.3d 417, 421 (6th Cir. 2002) (citing *Matthews*, 35 F.3d at 1049).

The County may be held liable only if Hibbler's injuries were sustained pursuant to an unconstitutional custom or policy of the County. *See Monell v. Dep't of Soc. Servs of City of New York*, 436 U.S. 658, 691-92 (1978). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986) (emphasis in original)).

Hibbler does not allege that he has been deprived of a right because of an official policy or custom of the County. Hibbler instead seeks relief based on the Individual Defendants' conduct during the events that occurred at the SCCJC on July 25, 2021 and September 2, 2021 as described in the complaint. Although civil rights plaintiffs are not required to plead facts demonstrating municipal liability with particularity, *Leatherman v. Tarrant Cnty. Narcotics Intel. & Coordination Unit*, 507 U.S. 163, 168-69 (1993), the complaint must be sufficient to put the municipality on notice of the plaintiff's theory of liability, *see, e.g., Fowler v. Campbell*, No. 3:06CV-P610-H, 2007 WL 1035007, at *2 (W.D. Ky. Mar. 30, 2007). The allegations of the

8

complaint in this case fail to identify an official policy or custom of the County that injured Hibbler, much less a policy or custom pursuant to which the Individual Defendants acted to deprive Hibbler of his constitutional rights.

Hibbler's claims against the Individual Defendants in their official capacities and the County are DISMISSED WITHOUT PREJUDICE for failure to allege facts demonstrating a claim to relief.

## IV.     AMENDMENT UNDER THE PLRA

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir. 2019) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[W]e hold, like every other circuit to have reached the issue, that under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA")); *see also Brown v. Rhode Island*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded"). Leave to amend is not required where a deficiency cannot be cured. *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed.  If it is crystal clear that ... amending the complaint would be futile, then a *sua sponte* dismissal may stand"); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that *sua sponte* dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts").

The Court GRANTS leave to amend the claims in the complaint dismissed without prejudice, under the conditions set forth below.

V.   **CONCLUSION**

For the reasons explained above:

A.   Hibbler's (1) claim of negligence, (2) claim of PREA violation, (3) claims against the SCSO in the complaint, and (4) claim for sanctions against the Individual Defendants (ECF No. 1) are DISMISSED WITH PREJUDICE for failure to state a claim to relief under 42 U.S.C. § 1983 as a matter of law.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

B.   Hibbler's (1) claim of failure to protect against the Individual Defendants in their official capacities and (2) claim of failure to protect against the County (collectively, the "Claims Dismissed Without Prejudice") are DISMISSED WITHOUT PREJUDICE for failure to allege facts stating a claim to relief under 42 U.S.C. § 1983.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

C.   Leave to amend the Claims Dismissed Without Prejudice is GRANTED.  An amended pleading must be filed within twenty-one (21) days of the date of this Order and must comply with the Federal Rules of Civil Procedure, including but not limited to Rule 8's requirement of a short and plain statement of Hibbler's claims.  An amended complaint supersedes the original complaint and must be complete in itself without reference to the prior pleadings. Hibbler must sign the amended complaint, and the text of the amended complaint must allege sufficient facts to support each claim without reference to any extraneous document.  Any exhibits must be identified by number in the text of the amended complaint and must be attached to the complaint.  All claims alleged in an amended complaint must arise from the facts alleged in the original complaint.  Each claim for relief must be stated in a separate count and must identify each Defendant sued on that count.  If Hibbler fails to file an amended complaint within the time specified, the Court will dismiss the case with prejudice in its entirety and enter judgment.  The

Court will recommend that such dismissal should be treated as a strike pursuant to 28 U.S.C. § 1915(g).

IT IS SO ORDERED, this *17th* day of January, 2025.

                                                /s/ *Samuel H. Mays, Jr.*
                                                SAMUEL H. MAYS, JR.
                                                UNITED STATES DISTRICT JUDGE